IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03163-RPM

CLARUS CORPORATION, a Nebraska Corporation,

Plaintiff,

v.

MBSL, INC., a Colorado corporation,

Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

Because discovery in this action involves or may involve the disclosure of documents, material, and information potentially entitled to protection under Fed. R. Civ. P. 26(c), including but not limited to proprietary financial and trade secret information of the parties, and pursuant to that rule,

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material, and information disclosed by the parties in the course of discovery in this action that any party may deem to be potentially entitled to protection under Fed. R. Civ. P. 26(c):

1.      <u>Definitions</u>.

(a)      "Confidential Material" shall mean all documents, material, and information entitled to protection under Fed. R. Civ. P. 26(c) and designated pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers,

documents produced during discovery by any party in this action, whether produced voluntarily, in response to an informal request, pursuant to Fed. R. Civ. P. 26(c) or in response to a formal discovery request, or pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

(b)     "Requesting Party" shall mean any party requesting documents or information pursuant to Fed. R. Civ. P. 26(c), conducting a deposition pursuant to Fed. R. Civ. P. 30 or 31, propounding interrogatories pursuant to Fed. R. Civ. P. 33, requesting the production of documents pursuant to Fed. R. Civ. P. 34, requesting admissions pursuant to Fed. R. Civ. Pro. 36, or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

(c)     "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded in this action.

2.     <u>Designation of Information Produced in Discovery as "Confidential Material."</u> In responding to discovery propounded herein, any party may designate any document, material, or information produced by it as "Confidential Material." In the case of documents, such designation shall be made by stamping the phrase "Confidential" if the document is "Confidential Material"on all pages of any document so designated, in a conspicuous place.  In the case of deposition testimony, such designation shall be made by identifying on the record those portions of the transcript designated as Confidential Material. Machine readable media and

other non-documentary material shall be designated as Confidential Material by some suitable

and conspicuous means, given the form of the particular embodiment. Inadvertent failure to

designate materials as "Confidential" or "Restricted Confidential" at the time of production may

be remedied at any time thereafter by supplemental written notice. The designation of material as

Confidential Material, in the manner described hereunder, shall constitute a certification by the

attorney making such designation that he or she in good faith believes the material to be entitled

to protection under Colo. R. Civ. P. 26(c).

3.      Challenges to Designation of Information Produced in Discovery as "Confidential

Material." Any party desiring to challenge a designation of Confidential Material under this

paragraph may do so by contacting counsel for the designating party in writing, and attempting

to resolve any dispute by mutual agreement. In the event that the parties cannot resolve their

dispute as to such designation of allegedly confidential material, the Producing Party may file a

motion for a protective order regarding the information within 30 days after communication of

the notice from the Requesting Party. If the Producing Party files such a motion, the Requesting

Party shall continue to protect the information until the court rules on the Producing Party's

motion. If the Producing Party fails to file a motion within 30 days of notice, the Requesting

Party shall have no further obligation to preserve the confidentiality of the information.

4.      Treatment of Confidential Material. All documents, material, and information

designated as Confidential Material or Restricted Confidential Material under paragraph 2 shall

be treated in accordance with the provisions of this Order until such designation has been

released by the party making it or by order of the Court.

5.     <u>Disclosure of Confidential Material</u>. Except as set forth herein, neither the contents nor the substance of Confidential Material may be disclosed to anyone other than the parties, the law firms who represent the parties, the Court in this case and its employees, stenographic reporters and videographers who are engaged in proceedings necessarily incidental to the conduct of this case, expert consultants who assist the law firms in their analysis of the evidence and presentation of the case and other persons by written agreement of the parties. Confidential Material may be disclosed to individual employees of the parties or related entities to the parties provided that, prior to disclosure of any Confidential Material to such person, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full name, address, and present employer, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or her agreement to be bound by its terms. Each such signed statement shall be retained by the attorney disclosing any Confidential Material pursuant to this paragraph 5, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     <u>Disclosure of Confidential Material to Outside Experts or Consultants</u>. Upon the good faith determination by an attorney representing a party that he needs to consult experts or consultants who have been retained for the purpose of this proceeding with respect to particular Confidential Material, regardless of whether the Confidential Material was produced and designated as such by the party represented by that attorney or by an opposing party, such documents may be disclosed to such persons provided, that prior to disclosure of any Confidential Material to such person, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full name,

address, and present employer, and acknowledging his or her understanding of the terms of this

Stipulated Protective Order and his or her agreement to be bound by its terms. Each such signed

statement shall be retained by the attorney disclosing any Confidential Material pursuant to this

paragraph 6, and shall be subject to *in camera* review by the Court if good cause for review is

demonstrated by opposing counsel.

      7.    <u>Use of Confidential Material</u>. Any person who receives or is afforded access to

any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall

neither use nor disclose said Confidential Material for any purpose other than the purposes of

preparation for and conduct of this proceeding, and then solely as contemplated herein.

Furthermore, such person shall take all reasonable precautions to maintain its confidentiality.

      8.    <u>Disclosure of Restricted Confidential Material</u>. Restricted Confidential Material

includes documents, electronic media or any information which a party designates as Restricted

Confidential and which pertains to information which if divulged to a competitor could cause

great economic harm. Restricted Confidential Material is deemed to be material that is a trade

secret or material that would be greatly damaging to the business of the disclosing party if the

other party obtained control of the material or information. The parties expressly agree that the

SourceCode of the ClassTracks program and all similar computer and/or software code

(collectively "SourceCode") produced by MBSL, Inc. is Restricted Confidential Material, and is

automatically designated as such. Material or information designated as Restricted Confidential

must be kept in strict confidence by the attorney, the firm's staff or an expert consultant. The

information may not be divulged to the opposing party or any representative of the opposing

party. Restricted Confidential Information may only be disclosed to employees of the law firms

who represent the parties, and expert consultants provided that, prior to the disclosure of any

Restricted Confidential Material, such person if an expert consultant shall sign a Statement

Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full

name, address, and present employer, and acknowledging his or her understanding of the terms

of this Stipulated Protective Order and his or her agreement to be bound by its terms.  Each such

signed statement shall be retained by the attorney disclosing any Confidential Material pursuant

to this paragraph 5, and shall be subject to *in camera* review by the Court if good cause for

review is demonstrated by opposing counsel.

      9.    <u>Filing Under Seal With the Court</u>. If any transcripts of depositions, answers to

interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with

the Court include copies of Confidential Material subject to this Order or summarize material

from such documents, the party causing the Confidential Material to be filed shall file it in

appropriate folders that are sealed and endorsed with the legend: "Confidential -- Filed Under

Seal -- Not to be Opened Except by Authority of the Court."

      10.    <u>Deposition Testimony</u>. Information disclosed at depositions taken in the Action

may be designated as Confidential Material by the party disclosing such information by

indicating on the record at the deposition that the testimony contains Confidential Material or by

providing written notice to opposing counsel of the intent to designate such information as

confidential within fifteen (15) days of receiving the transcript of the deposition. The designated

testimony shall be marked as confidential and sealed by the court reporter and treated as

Confidential Material or Restricted Confidential Material under the terms of this Order.

11.    Duty of Counsel. Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

12.    Retention of Privilege. Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

13.    Scope of Fed. R. Civ. P. 26. Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26.

14.    Modification. Each party reserves the right to move to modify the terms of this Stipulated Protective Order.

15.    Retained Jurisdiction. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

16.    Trial. This Order shall not apply to, or restrict the use of Confidential Material used at the time of trial as evidence. Protection of Confidential Material at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Material at trial.

17.    Termination of Action. Within thirty (30) days of termination of this action, including all appeals, on written request of counsel for Producing Party, counsel for parties in

possession of Confidential Material shall cause all such Confidential Material produced in this

action by an opposing party, including copies, extracts and summaries, to be destroyed or

returned to counsel for the Producing Party.  On written request, Counsel for the Requesting

Party shall certify to the Producing Party in writing that it has fulfilled the obligations imposed

by this paragraph.

Dated:  December 22d, 2011

BY THE COURT:

_____
District Court Judge

STIPULATED AND AGREED TO THIS _____22nd_____ DAY OF DECEMBER, 2011, BY THE
UNDERSIGNED COUNSEL FOR THE PARTIES:

OGBORN, SUMMERLIN & OGBORN, LLC

By: _____
   Murray Ogborn
   Thomas Neville
   Ogborn, Summerlin, & Ogborn, L.L.C.
   1700 Broadway, Suite 1900
   Denver, Colorado  80290
   **Attorneys for Plaintiff**

DAVIS GRAHAM & STUBBS, L.L.P.

By: _____

Jordan Lipp
Davis Graham & Stubbs, L.L.P.
1550 Seventeenth Street, Suite 500
Denver, Colorado  80202
**Attorneys for Defendant**

**EXHIBIT A**

**DECLARATION**

_____ swears and declares and states under penalty of perjury:

      1.     I have read the Protective Order in *CLARUS Corp. v. MBSL, Inc.*, Civil Action No. 11-CV-03163, a copy of which is attached to this Declaration.

      2.     I have been informed by _____ counsel for _____, that the information, documents, data studies, tangible things, writings and other matters being shown or provided to me as contained in the list attached to this Declaration and marked as "confidential" contain information that has been designated Confidential Discovery Material, as defined in the Stipulated Protective Order.

      3.     I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Discovery Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any other purposes other than in this action, and that, at the termination of the Litigation, I will return all Confidential Discovery Materials with which I have been provided, including any and all copies, to the counsel from whom I received such Discovery Materials.

      4.     I hereby agree to abide by the terms of the Stipulated Protective Order.

      5.     For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit to the jurisdiction of the court in the above-referenced civil action.

      6.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any confidential information shown or told to me except as authorized in this Protective Order. I will not use the confidential information for any purpose other than this litigation.

      7.     By signing this Declaration, I agree that I will abide by all of the terms contained with the above-referenced Protective Order.

Dated: _____

Printed Name: _____

Address: _____

Telephone Number: _____